IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HESKELL KHOZOURI-ZADEH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | CIVIL ACTION NO. |
| COPELAND CONTRACTING | ) | |
| COMPANY, INC., ELSA BROWN, | ) | 3:25-CV-0804-G |
| and EVENT HOLDINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion for summary judgment filed by the plaintiff Heskell Khozouri-Zadeh ("Khozouri-Zadeh") (docket entry 23). For the reasons stated below, the motion is granted.

## I. BACKGROUND

This is an action to recover on a promissory note and related guaranty agreements.

On July 26, 2022, the defendant Copeland Contracting Company, Inc. ("Copeland") entered into a construction contract ("Contract") with the United States of America. Original Complaint ("Complaint") (docket entry 1) ¶ 7; Appendix in Support of Plaintiff's Motion for Summary Judgment and Brief in Support Thereof

("Plaintiff's Appendix") (docket entry 25) at APP 0001-APP 0002, APP 0006-APP 0082; *see also* Brief in Support of Plaintiff's Motion for Summary Judgment ("Motion") (docket entry 24) at 6. The Contract required Copeland to obtain payment and performance bonds ("Bonds") to secure Copeland's obligations under the Contract. Complaint ¶ 7. To obtain the Bonds, Copeland entered into an agreement with non-party Arch Insurance Company ("Arch"), together with Arch's designee, non-party surety Avalon Risk Companies (the "Surety"). *Id*. ¶ 8. The Surety designated non-party Lighthouse Management Services ("Lighthouse") as its agent to receive and disburse funds under the Contract, and it required Copeland to deposit $1,900,000.00 with Lighthouse as cash security for the Bonds, with Lighthouse to release funds to Copeland upon completion of the Contract. *Id*.

To help Copeland satisfy its security requirement to obtain the Bonds for the Contract, Copeland sought a loan from Khozouri-Zadeh in the principal amount of $1,900,000.00. *Id*. ¶ 9. Thereafter, on June 3, 2023, Copeland and Khozouri-Zadeh executed a loan agreement ("Loan Agreement") to that effect. *Id*.; Plaintiff's Appendix at APP 0002, APP 0099-APP 0113; *see also* Plaintiff's Appendix at APP 0103 ("The Loan, including any balance of the Fee, shall be due and payable no later than the Maturity Date. Any balance of the Loan or the Fee not paid when due shall bear interest at the rate of 18% per annum.").[1]

---

[1] Under the Loan Agreement, "'Maturity Date' shall mean the date which (continued...)

The Loan is secured by various collateral pledged by the defendants to Khozouri-Zadeh, including security interests in certain real estate located in Bexar County, Texas ("Properties"), insurance policies on the Properties, and a life insurance policy on the defendant Elsa Brown ("Brown"), president of Copeland. Motion at 8. In addition, the Loan is secured by guaranties executed by Brown and the defendant Event Holdings, LLC ("Event Holdings"). *Id.* Specifically, on June 3, 2023, Brown executed a Guaranty of Payment and Performance ("Brown Guaranty"), and Event Holdings executed a Limited Guaranty[2] ("Event Holdings Guaranty") (collectively, the "Guaranties"). *Id.*; *see also* Plaintiff's Appendix at APP 0002, APP 0121-APP 0136. Khozouri-Zadeh asserts that the Guaranties "unconditionally and irrevocably guarantee the timely payment and performance of all of Copeland's obligations under the Loan, including all principal, interest, fees, and any other liabilities owed to Dr. Heskell, whether due at maturity, upon acceleration or otherwise[, and] the Guaranties specify

[1](...continued)
is fourteen (14) months after the Effective Date [of June 3, 2023]." *See* Plaintiff's Appendix at APP 0099, APP 0101. The plaintiff avers that "repayment of the principal and Fee is conditioned on nothing other than Copeland's full and timely payment by the Maturity Date, with no contractual language authorizing deferral or release from these obligations based on the progress of the Contract or any other circumstances." Motion at 13.

[2] In connection with the Event Holdings Guaranty, Event Holdings pledged certain real property secured by a Deed of Trust, Assignment of Rents, Security Agreement, and Fixture Filing dated June 3, 2025, and subsequently recorded in Bexar County, Texas. Motion at 9; *see also* Plaintiff's Appendix at APP 0002-APP 0003, APP 0137-APP 0164. Event Holdings's liability is capped at the value of Event Holdings's interest in the Properties pledged as collateral. Motion at 9.

that they are guarantees of *payment*, rather than *collection*, providing Dr. Heskell with the option to proceed directly against Brown and/or Event Holdings immediately upon Copeland's default under the Loan." Motion at 8-9 (emphasis in the original) (citing Plaintiff's Appendix at APP 0121-APP 0122, APP 0124, APP 0129-APP 0130, APP 0132) (Guaranties ¶¶ 1, 12). The defendants categorize each Guaranty as "an *unconditional* guaranty of payment[.]" Defendants' Objection and Response to Plaintiff's Motion for Summary Judgment ("Response") (docket entry 26) at 6 (emphasis added).

On or about June 5, 2023, in connection with the Loan Agreement, Copeland executed a promissory note payable to Khozouri-Zadeh in the principal amount of $1,900,000.00 (the "Note").[3] Complaint ¶ 10; see also *id*. ¶ 15 ("It is undisputed that [the plaintiff] subsequently delivered to Copeland the entire $1,900,000.00 to fulfill his obligations under the Loan."); Plaintiff's Appendix at APP 0002, APP 0114-APP 0120. The Note's payment terms are controlled by the Loan Agreement, and failure to pay Khozouri-Zadeh any amount due within ten days of the due date constitutes an "Event of Default[.]" Motion at 8 (citing Plaintiff's Appendix at APP 0114-APP 0115) (Note ¶ 3).

On August 20, 2024, and on August 28, 2024, Khozouri-Zadeh sent written notices to Copeland that the Loan was in default. Motion at 9 (citing Plaintiff's Appendix at APP 0165, APP 0167-APP 0168). On August 30, 2024, Brown informed

---

[3] The Note and the Loan Agreement are collectively referred to as the "Loan[.]"

Khozouri-Zadeh that "by late October 2024, . . . Copeland would be able to pay the vast majority of the amount due and owing." Motion at 9 (citing Plaintiff's Appendix at APP 0170-APP 0174); *see also* Plaintiff's Appendix at APP 0171-APP 0173 (In that e-mail from Brown to Khozouri-Zadeh, Brown stated, "I must take responsibility for the additional payments and pay the interest. . . . I am in acknowledgement of the loan agreement and the dated noted [sic] with the maturity date of 8.3.24. . . . I agree that as of today, there is a balance of $100,000 on the interest payment and the original collateral amount of $1,900,000 for a total of $2,000,000.") (emphasis omitted).

On or about September 30, 2024, the United States of America accepted completion of the Contract, and final payment for the Contract was disbursed on December 4, 2024. Motion at 10; Complaint ¶ 18; *see also* Defendants' Original Answer ("Answer") (docket entry 15) at 6 ("Defendants admit the allegations and averments as set forth in the first two sentences of paragraph 18 of Plaintiff's Complaint[.]").[4]

On February 12, 2025, Khozouri-Zadeh again sent Copeland a notice of default and opportunity to cure. Motion at 10. Specifically, he "offered Copeland a 30-day

---

[4] The first two sentences of paragraph 18 of the plaintiff's complaint read as follows:

> On or about September 30, 2024, the United States of America accepted completion of the Contract. Final payment for the Contract was disbursed on December 4, 2024.

Complaint ¶ 18.

extension of the Loan Agreement, conditioned on Copeland providing additional collateral and certain required information, as well as terms to assure Dr. Heskell that an extension would lead to actual repayment rather than further delay." *Id*. (citing Plaintiff's Appendix at APP 0189-APP 0193). Copeland responded with a proposed repayment plan but failed to satisfy any condition necessary to accept the offer. *Id*. Thereafter, Khozouri-Zadeh maintains, in pertinent part, as follows:

> On March 21, 2025, Dr. Heskell sent all Defendants a final Notice of Default and Demand for Payment, demanding payment of the remaining balance due in the amount of $1,934,477.00 on or before April 1, 2025 (**Notice of Default**). *Dr. Heskell received no response to this Notice of Default from Defendants, and no payments have been made under the Loan or either Guaranty since*.

*Id*. (emphasis added); *see also* Plaintiff's Appendix at APP 0194-APP 0199. Khozouri-Zadeh contends that "[t]o date, the entire principal remains past due and owing under the Loan, plus additional amounts which continue to accrue."[5] Motion at 10.

On April 2, 2025, the plaintiff filed the instant suit, alleging claims for breach of the Note and Loan Agreement against Copeland, breach of the Brown Guaranty against Brown, and breach of the Event Holdings Guaranty and judicial foreclosure against Event Holdings. *See generally* Complaint. Khozouri-Zadeh seeks damages for the

---

[5] The defendants do not refute that "the total balance remaining under the Loan, inclusive of late charges and permissible interest on unpaid amounts, totals $2,146,932.11 as of December 5, 2025." Motion at 15; *see also* Plaintiff's Appendix at APP 0200.

defendants' alleged breaches, as well as an order of judicial foreclosure on the Properties, attorneys' fees, and costs. *Id*.; *see also* Plaintiff's Appendix at APP 0221-APP 0281.

In their answer, the defendants generally allege numerous affirmative defenses.[6] *See generally* Answer. First, the defendants assert that the plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) and classify portions of the complaint as "vague and ambiguous" under Federal Rule of Civil Procedure 12(e).[7] See *id*. at 1-2. Second, the defendants maintain that Khozouri-Zadeh failed to mitigate damages and/or costs, and that any damages and/or costs incurred "were caused by superseding, intervening, new and/or independent causes not subject to Defendants' control." See *id*. at 3. In addition, the defendants baldly assert that the plaintiff's claims are barred, in whole or in part, by the doctrines of good faith, reasonableness, excuse, privilege, *laches*, estoppel, payment, and/or offset. See *id* at 2.

Khozouri-Zadeh moves for summary judgment on all of his claims. *See generally* Motion. He contends that the defendants' "cursory" response to his motion for summary judgment fails to identify any actual genuine issue of material fact and avers that the defendants merely "attach[ed] Plaintiff's own summary judgment appendix" to

---

[6] Contrary to the defendants' assertion, their answer includes no mention of a "warranty period[.]" *See* Response at 7. Moreover, the defendants fail to offer any credible evidence, explanation, or argument regarding their reliance on an undefined "warranty period[.]"

[7] The only motion filed by the defendants in this action is an "Unopposed Motion to Extend Answer Day[,]" filed on April 29, 2025. *See* docket entry 9.

the response and "[offered] less than three (3) paragraphs of argument[.]"[8] Reply in Support of Plaintiff's Motion for Summary Judgment ("Reply") (docket entry 28) at 1-2, 7; see also *id*. at 2 ("[T]he Response incredibly re-submits [plaintiff counsel]'s affidavit and all supporting evidence of attorneys' fees[.]"). The court notes that the defendants in fact simply attached the previously filed pleading entitled "Appendix in Support of Plaintiff's Motion for Summary Judgment and Brief in Support Thereof" (docket entry 25) in its entirety to their response to the plaintiff's motion for summary judgment.[9]

## II. ANALYSIS

### A. Legal Standard

Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (c)(1).[10] A fact is material if the governing substantive law

---

[8] The "Arguments & Authorities" section of the defendants' response includes a single case citation (from the Southern District of Texas) and contains no citation to the "defendants' appendix[.]" *See generally* Response.

[9] The "defendants' appendix" violates N.D. TEX. CIV. R. 56.6(b). In addition, because the defendants merely attached the filed version of the plaintiff's appendix, inclusive of ECF-generated banners atop the plaintiff's pleading, the ECF-generated banner at the top of each page of the "defendants' appendix" is illegible.

[10] Disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would

(continued...)

identifies it as having the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To demonstrate a genuine issue as to the material facts, a nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in its favor. *Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)). However, it is not incumbent upon the court to comb the record in search of evidence that creates a genuine issue as to a material fact. See *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A nonmoving party has a duty to designate the evidence in the record that establishes the existence of

---

[10](...continued)
otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

genuine issues as to the material facts. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405.

B. Discussion

In an action to establish his right to recover on a promissory note, the plaintiff must prove "'(1) [the existence of] the note in question; (2) the party sued signed the note; (3) the plaintiff is the owner or holder of the note[;] and (4) a certain balance is due and owing on the note.'" *PlainsCapital Bank v. Rogers*, 715 Fed. Appx. 325, 329 (5th Cir. 2017) (per curiam) (quoting *Geiselman v. Cramer Financial Group*, 965 S.W.2d 532, 536 (Tex. App. – Houston [14th Dist.] 1997, no writ) (citation omitted)). In this case, the plaintiff has attached a true and correct copy of the Note to a sworn affidavit and attested that he is the owner and holder of the note, and that there is a balance due on the note. *See* Plaintiff's Appendix at APP 0001-APP 0005, APP 0114-APP 0120. Brown, in her capacity as a corporate officer of Copeland, executed the Note. See *id*. at APP 0120.

To recover on a claim for breach of a guaranty agreement, a plaintiff must prove "'(1) the existence and ownership of the guaranty contract, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor.'" *Harrison Company, L.L.C. v. A-Z Wholesalers, Incorporated*, 44 F.4th 342,

346-47 (5th Cir. 2022) (quoting *Haggard v. Bank of the Ozarks, Inc.*, 668 F.3d 196, 199 (5th Cir. 2012) (per curiam) (citation omitted)). Texas courts construe a guaranty agreement as any other contract: the primary concern being to ascertain the true objective intentions of the parties as expressed in the instrument. *McLane Foodservice, Inc. v. Table Rock Restaurants, L.L.C.*, 736 F.3d 375, 377 (5th Cir. 2013); *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). The court's first task is to determine whether the guaranty agreement is ambiguous; this inquiry is a question of law for the court to decide. *Resolution Trust Corporation v. Cramer*, 6 F.3d 1102, 1106 (5th Cir. 1993) (citation omitted). "The terms used in the [contract] are given their plain, ordinary meaning unless the [contract] itself shows that the parties intended the terms to have a different, technical meaning." *Gonzalez v. Denning*, 394 F.3d 388, 392 (5th Cir. 2004) (per curiam) (quoting *American National General Insurance Company v. Ryan*, 274 F.3d 319, 323 (5th Cir. 2001) (citation omitted)). Where the terms of the guaranty are unambiguous, those terms will be strictly enforced. *NCNB Texas National Bank v. Johnson*, 11 F.3d 1260, 1266 (5th Cir. 1994); see also *Edwards Family Partnership, L.P. v. Dickson*, 821 F.3d 614, 618 (5th Cir. 2016). If a guaranty agreement is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous, and the court will construe it as a matter of law. *Coker*, 650 S.W.2d at 393-94. If the agreement contains an ambiguity, interpretation of the instrument is a fact issue, *id.* at 394, and the guaranty must be strictly construed in favor of the guarantor.

Under Texas law, "objective impossibility – 'the thing cannot be done' – is due to the impossible nature of the promise and excuses a breach of contract[, but] subjective impossibility – 'I cannot do it' – is due to the inability of the individual promissor to perform and does not excuse a breach." *Allied World Insurance Company v. American Western Steel, LLC*, No. H-17-3608, 2018 WL 6602153, at *3 (S.D. Tex. Dec. 17, 2018) (citations omitted); see also *id*. ("Here, Defendants' promise to indemnify was not objectively impossible simply because Defendants were prevented from completing the bonded construction projects. The third parties' refusal may have made it financially more difficult for Defendants to perform the indemnification agreement. However, such difficulty is due only to Defendants' individual inability to pay and thus falls within the realm of subjective impossibility. Defendants' impossibility defense therefore fails."); *ERA Franchise Systems, Inc. v. TMG Real Estate Services, L.L.C.*, No. H-06-2765, 2007 WL 9747274, at *4 (S.D. Tex. Aug. 17, 2007); *Janak v. Federal Deposit Insurance Corporation*, 586 S.W.2d 902, 906 (Tex. App. – Houston [1st Dist.] 1979, no writ).

Khozouri-Zadeh has made out a *prima facie* case that he is entitled to enforce the Note and the Guaranties.[11] Copeland admits that it was obligated to pay the Loan principal and Fee on or before the Loan's maturity date and failed to do so, and that interest continues to accrue. Response at 7; *see also* Plaintiff's Appendix at APP 0170-

[11] The defendants failed to object to any of the plaintiff's summary judgment evidence.

APP 0174. However, the defendants simply state that "the delay in payment of all amounts due under the Copeland Loan was caused by an approximately fourteen month delay in the completion of the Contract, which was out of the control of Copeland, Brown, or Event Holdings [and] delayed Lighthouse's release of the Surety Funds[.]" Response at 7. The defendants also vaguely assert that "there exists ambiguity in the language of each Guaranty given the impossibility of performance by Defendants."[12] *Id*. at 8. They cursorily list other alleged factors to excuse their performance, contending that such circumstances constitute "objective impossibility for performance . . . under the Loan Contract[.]" *Id*. at 7. The defendants cite no evidence in support of their assertions and have failed to point to any competent summary judgment evidence creating a genuine issue of material fact. Their mere assertions, even if true, cannot carry the day at the summary judgment stage. See *United States v. del Carpio Frescas*, 932 F.3d 324, 331 (5th Cir.) ("Judges are not like pigs, hunting for truffles buried in the record.") (per curiam) (quoting *Albrechtsen v. Board of Regents of the University of Wisconsin System*, 309 F.3d 433, 436 (7th Cir. 2002) (quotation omitted), *cert. denied*, 539 U.S. 941 (2003)), *cert. denied*, 589 U.S. 1113 (2019). The court concludes that the Loan and the Guaranties are unambiguous, and that the defendants have failed to set forth any

[12] The defendants maintain that the language in the Brown Guaranty and the Event Holdings Guaranty that "the punctual payment and performance when due . . . of all principal, interest, additional payments, and all other obligations of [Copeland] to [Plaintiff] evidenced by the Loan Agreement . . . and all present or future obligations or liabilities of any kind of [Copeland] to [Plaintiff]" . . . [is ambiguous] given the impossibility of performance by Defendants." *Id*. at 7-8.

genuine issue of material fact with respect to whether repayment was objectively impossible. Accordingly, based on the plain language of the Loan, Copeland's failure to pay Khozouri-Zadeh constitutes an Event of Default without exception or limitation.

The court also finds that the defendants have failed to identify evidence in the record sufficient to establish a genuine issue of fact as to any of their arguments or affirmative defenses, primarily citing boilerplate denials or defenses, without any recitation of specific facts or record evidence supporting any denial or defense. *See generally* Answer, Response. Copeland, Brown, and Event Holdings would bear the burden of proof at trial on their affirmative defenses. *Fontenot*, 780 F.2d at 1194. When a nonmoving party would bear the burden of proof at trial on a dispositive issue, the moving party's burden under Rule 56 "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. The party opposing a motion for summary judgment has a duty to "designate 'specific facts showing there is a genuine issue for trial.'" *Id*. at 324 (quoting FED. R. CIV. P. 56(e)). Because the defendants have not designated any evidence or provided sufficient argument that show there is a genuine issue of fact as to any of their affirmative defenses, they cannot survive summary judgment. See *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir.) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. . . . Rule 56

allocates that duty to the opponent of the motion . . . ."), *cert. denied*, 506 U.S. 832 (1992).

In sum, based on all of the evidence presented, the defendants have failed to raise a genuine issue of material fact to defeat the plaintiff's motion for summary judgment. As a result, the plaintiff is entitled to judgment as a matter of law on all of his claims for relief in this action.

## III. CONCLUSION

For the reasons stated, the plaintiff's motion for summary judgment is **GRANTED**. Judgment will be entered in favor of the plaintiff. Within fifteen days of this date, counsel for the plaintiff shall submit a proposed form of judgment in conformity with this memorandum opinion and order. By that same date, the plaintiff shall either settle the issue of attorneys' fees with the defendants or file a motion and brief (with supporting documentation) for attorneys' fees.

**SO ORDERED.**

September 29, 2026.

A. Joe Fish

**A. JOE FISH**
**Senior United States District Judge**